## ROCKLAND WATER CO. *vs.* SAMUEL PILLSBURY.

*Records of judgments—how amended.*

A clerk of court has, *ex-officio*, no right, without an express order of court to that effect, to complete, alter, or amend the record kept by a predecessor in that office, whose term has expired.

If there be a failure to make record of a judgment, the party desiring to have it recorded should present a petition to the court to have this done, and give due notice to the adverse party.

ON EXCEPTIONS.

DEBT on judgment. Plea, *nul tiel record.* Plaintiff put in a copy of the record of a judgment between the parties. Defendant suggested an alteration of the record, and proved, subject to plaintiff's objection, that the sums, indicating the amounts of debt and costs recovered, were inserted by the present clerk of courts in blanks left with the rest of the record which was filled out by the gentleman who filled that office in 1862. The other facts, bearing on the issue, are stated in the opinion of the court.

*Gould & Moore,* for plaintiff.

1. Plaintiffs produce such a record as they declare upon, and should prevail. It is a record of the court, made by its clerks and authenticated by its clerk; the suggestion is, that it was not all made by one clerk, and that the present incumbent had no right to fill blank spaces left by his predecessor. Such a matter cannot be inquired into under the present pleadings. The record having been made by recording officer, it is conclusively presumed to have been made under proper authority. *Willard* v. *Whitney,* 49 Maine, 235, 238; *Balch* v. *Shaw,* 7 Cush. 282; *Leathers* v. *Cooley,* 49 Maine, 337, 342; *Read* v. *Sutton,* 2 Cush. 115, 123.

2. Competent for court to order that its records be made to conform to facts; and this may be done years after a mistake is made. *Balch* v. *Shaw,* 7 Cush. 284; *Hall* v. *Williams,* 10 Maine, 276, 288 *et seq.*

Court has no power over a clerk whose term has expired, and must rely on the incumbent to do all this work for the court.

3. The evidence introduced by defendant was inadmissible. The blanks could be filled from docket entries and memoranda; and this action sustained if judgment were not extended. *Longley* v. *Vose,* 27 Maine, 179.

4. Rule xxxv. inapplicable; only applies where party fails to file papers. The failure here was of clerk to tax costs; and his successor was the only person who could supply this omission.

*Albert S. Rice*, for defendant.

1. ' A record is a written memorial made by a public officer authorized by law to perform that function.' No other person, than the clerk then in office, is authorized to record the judgments of the supreme judicial court, except by the special authority of the court.

The power of the court to complete and amend its own records is unlimited, but must be exercised by the court, as an organized body, during term time, and not by a single member of it in vacation, nor by its recording officer, except with reference to his own records. *Longley* v. *Vose*, 27 Maine, 179; *Jay* v. *Carthage*, 48 Maine, 353.

2. By Rule xxxv. no clerk, then in office, can enter up a judgment after a lapse of three months from its rendition, except upon notice, and in accordance with that rule ; *a fortiori* no subsequent clerk can do it.

APPLETON, C. J.  At the May term, 1862, of this court, in a suit pending between these parties in this county, the plaintiff obtained a verdict of the jury in their favor for $57.22.  The cost was then taxed by the clerk from whose taxation both parties appealed, but there was no adjudication upon the question of costs by any justice during his term of office.  During all this time the bill of costs, as taxed, remained on file with a minute thereon, that an appeal had been taken by both parties.  At the March term, 1868, his successor, Mr. Rose, presented the matter of these costs to Judge DANFORTH who handed the bill back to him with a request, that he should tax the costs, which he did, to the approval of the presiding justice.  Thereupon the present clerk completed the record by adding to what was then recorded, after the words ' sum of,' the words ' fifty-seven dollars and twenty-two cents debt or damage, and costs of suit, taxed at seventy-nine dollars and sixty-eight cents.'

The present clerk gave no notice to, nor was there any hearing

of the parties as to the taxation of costs by him or by any justice of this court.

The record was made out except the insertion of the amount of debt or damage, and of the costs.   Those sums, without the insertion of which the record would be of little value, were added to the incomplete record some six years after the term at which the judgment purports to have been rendered, and by the successor to the clerk then in office.

Now it is obvious, that as long as the record remained incomplete, there was no available judgment of record.

By thirty-second rule of this court, 35 Maine, 578, ' either party dissatisfied with the taxation by the clerk, may appeal to the court or to the judge in vacation, from whose decision no appeal shall be taken.'   Both parties appealed, in 1862, from the decision of the then clerk, and have neglected to the present time to present the question of costs to any judge for his adjudication.   Neither party was present at the taxation of Mr. Rose, nor had an opportunity to appeal from his decision nor to be heard upon such appeal ; and his taxation differed from that of his predecessor.

By the thirty-fifth rule, 35 Maine, 579, it is made the duty of the prevailing party in every suit, forthwith to file with the clerk all papers and documents necessary to enable him to make up and enter the judgment and to complete the record of the case ; and if the same are not so filed within three months after judgment shall have been ordered, the clerk shall make a memorandum of the fact on the record ; and the judgment shall not be afterwards recorded unless upon a petition to the court at a subsequent term, and, after notice to the adverse party, the court shall order it to be recorded,' etc.

Now the judgment was not recorded.   The record, as left, was an incomplete record of a judgment, for there was no judgment for debt or costs.   The taxation of cost had been withdrawn from the clerk by appeal.   As there was no record of any judgment, the proper course, for the party desiring a valid judgment of record, was to petition the court within the spirit of this rule and have it,

after due notice to the other party, recorded. This has not been done. The former clerk not having recorded a judgment, it is not for his successor, *ex-officio*, to do it for him. Certainly, not without an order of court.

The amendment of an existing record, for the purpose of correcting its errors, may be made by the order of the court at any of its terms. But this is the completing the record of a former clerk by his successor, and without any direction or order of the court therefor. *Exceptions sustained.*

KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.

DICKERSON, J. The principal question reserved is, whether a clerk of the supreme judicial court has authority, by virtue of his office, to fill a blank in the record of a judgment rendered when a former clerk was in office.

We think he has no such authority. Such clerk is the recording officer of the court only while he continues in office. Both his official oath and bond require that he shall 'faithfully perform all the duties of his office.' Neither the one nor the other provides that he shall perform the duties a former clerk failed to perform; nor would his omission to do so be a violation of the one or a breach of the other. He has, by virtue of his office, no authority to affix the name of a former clerk to the record of the judgments rendered during such clerk's official term of office; and to sign his own name thereto, would be to falsify the record. As respects the memoranda for making up judgments, rendered under a former clerk, and the judgments themselves, the clerk is a stranger, and he has no authority to alter, amend, or in any way change them without special direction of the court while in actual session. R. S. of 1857, c. 79, §§ 2, 8, 11; *Longley* v. *Vose*, 27 Maine, 174.

The record of the judgment in suit, when undertaken to be made up by the then existing clerk, did not contain the amount of the verdict or the costs. Both these sums were inserted in that record, several years afterward, by another clerk, without authority from the court. Such interpolation imparted no validity to the

unfinished record of the former clerk. That record now stands, as it stood before the attempted amendment, as an incomplete record of the judgment rendered ; and though it would doubtless be competent for the court to direct the clerk to bring forward the action and make up the record of the judgment, according to the facts appearing of record, yet, that not having been done, this action cannot be maintained.                    *Exceptions sustained.*