[No. 1108.]

## FRED. FURTH, RESPONDENT, *v.* WILLIAM W. WYATT, ADMR., APPELLANT.

ESTATES OF DECEASED PERSONS—PURCHASE OF CLAIM BY ADMINISTRATOR—CONSTRUCTION OF STATUTE.—*Held,* that the statute prohibiting the purchase of any claim by any administrator, against the estate he represents (1 Comp. L. 702), was designed to protect the estates of deceased persons, and to prevent administrators and executors from taking advantage of their position, to the injury of the estate.

IDEM.—If an administrator purchases a claim for less than is due he could not enforce it for the full amount, but would be entitled to be remunerated for the amount he actually paid.

IDEM—WHEN ADMINISTRATOR CAN MAINTAIN ACTION AGAINST THE ESTATE.— When the money was advanced by the administrator for the benefit of the estate and to avoid litigation, and resulted to the benefit of the estate without gain to the administrator: *Held,* that the administrator is entitled to protection, and can maintain an action against the estate for the amount advanced. In this case to foreclose a mortgage purchased by administrator.

APPEAL from the District Court of the Second Judicial District, Douglas County.

The facts sufficiently appear in the opinion.

*Robert M. Clarke,* for Appellant:

It is one of the oldest and most salutary rules of equity

that a trustee cannot deal with the trust estate. (1 Williams on Ex. 650; 2 Will. on Ex. 938; 3 Will. on Ex. 1842; *Stephen* v. *Beal*, 22 Wall. 329–340; *Jewett* v. *Miller*, 10 N. Y. 402; *Slade* v. *Van Vechten*, 11 Paige 21; *Van Epps* v. *Van Epps*, 9 Paige 237; *Bank of Orleans* v. *Torrey*, 7 Hill 260; *Hawley* v. *Cramer*, 4 Cow. 717; Hill on Trus., sec. 536 h; *Michoud* v. *Girod*, 4 How. 503; Big. on Fraud, p. 244; 6 Ves. Jr., 625–6; 8 Ves. Jr., 337, 346, 349.) And this rule has been by express terms adopted by our statute. (1 Comp. L. 702; Act to regulate the settlement of the estates of deceased persons, sec. 222; *Scott* v. *Umbarger*, 41 Cal. 410; *Boyd* v. *Blankman*, 29 Cal. 19.)

*A. C. Ellis*, for Respondent:

It has been held in this state that an administrator or trustee, under circumstances like those found to exist in this case, may purchase an indebtedness against the estate and acquire a valid title thereto. (*Estate of Millenovich*, 5 Nev. 176; *Christy* v. *McBride*, 1 Scam., Ill., 75; *Mitchum* v. *Mitchum*, 3 Dana, Ky., 260; 6 J. J. Mar. 382; *Van Horne* v. *Fonda*, 5 Johns. Ch. 409.) The rule is that the interest of the estate shall always be the criterion to govern the courts in determining the question as to whether a purchase of property by an administrator or executor shall be set aside. Our statute (1 Comp. L. 675, 702) does not provide that such a purchase shall be *void*, and if it did, would be held to mean voidable.

By the Court, HAWLEY, J.:

This is an action to foreclose a mortgage against the estate of Ann Hannum, deceased.

The only question which the record presents is whether the plaintiff can maintain this action, it appearing that the suit "is to enforce a claim against the estate, which the plaintiff purchased at the time when he was the administrator of the estate."

It is argued by appellant that the administrator could not purchase an indebtedness against the estate, and acquire a valid title thereto.

The provisions of the statute, upon which appellant relies, are as follows: "Sec. 222. No administrator or executor shall purchase any claim against the estate he represents; and if he shall have paid any claim for less than its nominal value he shall only be entitled to charge in his account so much as he shall have actually paid." (1 Comp. L. 702.)

The mortgage in question was executed and delivered to Joseph Dondero in 1875.

The facts relative to the purchase of the mortgage by plaintiff are, as stated in the findings of the court, "That on and before the twenty-first day of February, 1878, the said Joseph Dondero had threatened to bring suit against the executors of said estate, viz: the plaintiff in this action and * * * James Hannum, to foreclose said mortgage and to cancel said claim, unless the same was fully paid, and that the plaintiff in this action fully believed that said Joseph Dondero would so commence said action and subject the said estate to costs of court unless the same was paid, and that, acting upon such belief, and actuated by a motive to save the estate from costs, and to preserve the same, the said plaintiff purchased said claim from the said Joseph Dondero in good faith, and that he paid therefor, on the twenty-first day of February, 1878, the sum of one thousand nine hundred and forty-two dollars and seven cents, which was the full amount then due upon said claim, and that the said Dondero then assigned, transferred and set over said claim * * * to the plaintiff; that the plaintiff was the holder and owner of the same at the commencement of this action, and has ever since been, and that said estate has not been in anywise injured by the purchase of said claim by the plaintiff, but that the same has resulted in benefit to the said estate, by causing a delay in the foreclosure of said mortgage and the enforcement of said claim, and * * * that said purchase was made in good faith, and with no intent to in anywise injure said estate or the heirs of said Ann Hannum."

From these facts it will readily be seen that this is not a case where an administrator has attempted to take any advantage or gain any profit by the transaction in which he engaged, and applying the rules announced by this court in

the estate of Millenovich, 5 Nev. 161, we think the plaintiff is entitled to maintain this action.

The statute was designed to protect the estates of deceased persons, and to prevent administrators and executors from taking advantage of their position to the injury of the estate.

If an administrator purchases a claim for less than is due, he could not enforce it for the full amount, but would be entitled to be remunerated for the amount he actually paid. (*Mitchum Heirs* v. *Mitchum Administrators*, 3 Dana, 260; *Van Horne* v. *Fonda*, 5 John. Ch. 409; *Miller* v. *Towles*, 4 J. J. Marsh. 256.)

In cases where an administrator has, without actual fraud, purchased property of the estate at his own sale, the transaction is not absolutely void; but only voidable at the suit of the *cestui que trust.* (*Boyd* v. *Blankman*, 29 Cal. 36; *Terrill* v. *Auchauer*, 14 Ohio St. 80; *Rogers* v. *Rogers*, 1 Hop. Ch. 524.)

And where the administrator "has acted without moral turpitude a court of equity may protect him, and in ordinary cases will protect him, so far as to give him a lien on the property for any advances of a reasonable nature which he may have made." (*Mulford* v. *Minch.*, 3 Stock. Ch. 20; Bigelow on Fraud, 224.)

In *Munroe* v. *Holmes* the court, in discussing the question as to the right of a previous executor to collect money advanced by him for the benefit of the estate from an administrator, *de bonis non*, said : "An original executor or administrator is not obliged to incur expenses beyond the means which are placed in his power to discharge them; and he may, and usually does, protect himself by not permitting the estate to become his debtor. But circumstances may exist in which it is certainly not wrong in him, although it may not be a positive duty, to make advances for the benefit of the estate which he administers, and where, by his death or removal, he may be unexpectedly deprived of the power to reimburse himself for these advances. Where they have been made in good faith, and for the benefit of the estate, we can have no doubt that they in some form become a charge upon the estate in the hands of the succeeding administrator, and that it is his duty

to pay them as much as if they had been incurred in the course of his own administration." (13 Allen, 110.)

In this case the record shows that the money was advanced by the plaintiff for the benefit of the estate and to avoid litigation, and that it resulted to the benefit of the estate without gain to the administrator; and in such cases, in whatever way the question has arisen, the courts have held that the executor or administrator is entitled to be protected and remunerated. (*Jennison* v. *Hapgood,* 10 Pick. 101; *Liddell* v. *McVickar,* 6 Hals. 48; *Pettingill* v. *Pettingill,* 60 Me. 425.)

The judgment of the district court is affirmed.